UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BRYANT
et al.,
        Plaintiffs,           CIVIL ACTION NO. 07-CV-10447-AA

vs.

                                    DISTRICT JUDGE JOHN CORBETT O'MEARA

FERRELLGAS, INC., et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB
        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

This matter comes before the Court on Plaintiffs' Motion to Strike Affirmative Defenses filed on March 14, 2007. (Docket no. 7). Defendants' Response was filed on March 26, 2007. (Docket no. 10). Plaintiffs filed a Reply brief on March 29, 2007. (Docket no. 12). The Court heard oral argument on April 2, 2007. Counsel were present at oral argument. The motion has been referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 9). The matter is therefore ready for ruling.

Plaintiffs in this action seek to recover damages for deaths and personal injuries in this diversity action arising from a propane gas explosion at a rural residence in 2005. Plaintiffs claim that Defendants negligently failed to safely deliver gas to the regulator attached to the exterior of the house. Plaintiffs allege that the copper line carrying the gas to the house failed and leaked gas into the basement and exploded. Plaintiffs further allege that Defendants created or maintained an unsafe propane gas distribution system which constituted a nuisance.

Defendants assert affirmative defenses numbered 3, 9, 11, 13, and 16 which Plaintiffs argue relate to a theory of product liability. Plaintiffs contend that these defenses should be stricken because

Plaintiffs have not asserted any claims under a product liability theory. These defenses are for the most part based on Michigan statutes limiting a defendant's liability for damages and establishing favorable presumptions for defendants.

Defendants contend that Plaintiffs' motion should be denied because granting a motion to strike affirmative defenses is disfavored by courts and because the defenses bear a logical relationship to Plaintiffs' Complaint. Defendants further argue that under Michigan law the propane system and its components, including the copper line that Plaintiffs allege leaked, may be "products" which trigger the asserted defenses.

Rule 12(f), Fed. R. Civ. P., provides that a court may order stricken from any pleading any insufficient defense. Motions to strike under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored. *Zamboroski v. Karr*, 2005 WL 2314011 (W.D. Mich. Sept. 22, 2005). Striking a defense is a drastic remedy to be resorted to only when required for the purposes of justice. *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff. *Beattie v. CenturyTel, Inc.,* 234 F.R.D. 160, 174 (E.D. Mich. 2006).

Plaintiffs therefore have a heavy burden to carry to justify striking Defendants' affirmative defenses under Rule 12(f). Plaintiffs are the "masters of their complaint;" however, the asserted defenses do not alter the claims raised by Plaintiffs. Plaintiffs have failed to show that they will be prejudiced by allowing the defenses to stand. Moreover, the Court cannot find at this early stage of the litigation that the asserted defenses have no bearing on the action. Accordingly, Plaintiffs have failed to carry their burden of showing that Defendants' defenses should be stricken.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (docket no. 7) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 03, 2007                        s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 03, 2007                        s/ Lisa C. Bartlett
                                             Courtroom Deputy