# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK BRYANT
et al.,
       Plaintiffs,        CIVIL ACTION NOS. 07-10447; 07-13214

vs.

                             DISTRICT JUDGE JOHN CORBETT O'MEARA

**FERRELLGAS, INC., et al.,**     MAGISTRATE JUDGE MONA K. MAJZOUB
       Defendants.
_____

**FRANKENMUTH MUTUAL
INS. CO., et al.,**
       **Plaintiffs,**
  vs.
**FERRELLGAS, INC., et al.,**
       **Defendants.**
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on the Motion to Compel Discovery from Frankenmuth Mutual Insurance filed on April 30, 2008 by Defendants Ferrellgas, Inc. and Ferrellgas, L.P. ("Ferrellgas"). (No. 07-10447, docket no. 96; No. 07-13214, docket no. 61)[1]. Frankenmuth Mutual Insurance Co. filed a Response. (Docket no. 103). Ferrellgas filed a Reply. (Docket no. 110). The parties also filed a Joint Statement of Issues on June 4, 2008. (Docket no. 109). This matter has been referred to the undersigned for decision. (Docket no. 97). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

---

[1] Citations to the record will be to case number 07-10447, unless otherwise indicated.

1.     **Facts and Claims**

Ferrellgas moves to compel Frankenmuth Mutual Insurance Co. to produce certain documents pursuant to subpoenas Ferrellgas served on Frankenmuth on June 5, 2007 and May 29, 2007. (Docket no. 96, ex. A). The subpoenas were issued in case number 07-10447 in which the Plaintiffs have sued Ferrellgas. (*Id*.). Frankenmuth is not a party to that action. However, in the consolidated action, case number 07-13214, Frankenmuth has sued Ferrellgas. Frankenmuth responded to the subpoenas by producing documents and a privilege log. By this motion, Ferrellgas seeks to compel production of five documents withheld by Frankenmuth on the basis of the work product doctrine. These documents are: (1) an Activity Log Report consisting of 19 pages; (2) a 1 page communication from a Frankenmuth claims examiner to the reinsurance company dated December 7, 2006; (3) a 1 page communication from Frankenmuth Financial Group to GMAC RE CORPORATION dated October 17, 2005; (4) 4 pages of internal Frankenmuth Insurance Co. communication entitled "Activity Log Report;" and (5) 2 pages of Frankenmuth Insurance Co.'s electronic internal communication from Holdwick to Spaulding and Stuart dated September 6, 2005. (Docket no. 96 at 8-9).

Ferrellgas argues that because Frankenmuth is not a party to the action in which the subpoenas were issued, it may not assert the work product doctrine to shield these documents from discovery. Ferrellgas also contends that even if the doctrine applies in this case, Frankenmuth has failed to show that the documents at issue are covered by the doctrine. Frankenmuth responds by arguing that it need not be a party to assert the doctrine and that the documents are protected by the doctrine.

**2. Standard**

Ferrellgas relies upon Fed. R. Civ. P. 45(c)(2)(B) which allows it to move for an order compelling production of requested documents. Frankenmuth relies on Fed. R. Civ. P. 26(b)(3) which states that "[o]rdinarily, a party may not discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" subject to certain exceptions.

**3. Analysis**

There is no dispute that the documents at issue were not prepared by or for a party in this action or its representative. The documents were, for the most part, prepared by or for Frankenmuth. Neither Frankenmuth nor a representative of Frankenmuth is a party to this action, the 07-10447 case. The only parties to this action are Ferrellgas and the individual Plaintiffs. Frankenmuth argues that it need not be a party because it is a party in the consolidated action and because these actions are closely related and arise out of the same tragic circumstances of a residence explosion which killed and injured several persons. The question is whether being a party to a consolidated action is sufficient to bring an entity within the protection of Fed. R. Civ. P. 26(b)(3).

In *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.*, 1994 WL 58999 (6th Cir. Feb. 25, 1994) (unpublished), the court answered this question. It examined the language of Rule 26(b)(3) which requires that the documents be prepared by or for another party or its representative. The court agreed with the Ninth Circuit's conclusion in *In re California Pub. Util. Comm'n*, 892 F.2d 778 (9th Cir. 1989), which was that Rule 26(b)(3) "on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *In re California*, 892 F.2d at 781. The Sixth Circuit also quoted with approval an excerpt from Wright

and Miller, Federal Practice and Procedure stating that "'[D]ocuments prepared for one who is not a party to the present suit are wholly unprotected even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit.'" *Arkwright*, 1994 WL 58999, slip copy at *4. In that case the Sixth Circuit found that the non-party could not claim the protection of Rule 26(b)(3).

Frankenmuth argues that because the case in which it is party is consolidated with this action, it may claim the protection of Rule 26(b)(3). However, its authority is not convincing. It relies on commentary and cases involving a party to the action claiming protection under the Rule rather than a non-party. (Docket no. 103 at 5-6). The consolidation of these cases does not merge the action into a single action or "make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Finally, the Sixth Circuit noted in *Arkwright* that being a party in a closely related action would not bring the litigant within the Rule. Although *Arkwright* is an unpublished decision, this Court finds that the reasoning of the Sixth Circuit is persuasive and that the court would come to the same conclusion in a published decision.

Accordingly, Frankenmuth may not rely on the work product doctrine to withhold the documents at issue. This conclusion moots the remaining issues raised by the parties.

**IT IS THEREFORE ORDERED** that the Ferrellgas Defendants' Motion to Compel (No. 07-10447, docket no. 96; No. 07-13214, docket no. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that Frankenmuth Mutual Insurance Co. produce the five withheld documents listed above to counsel for the Ferrellgas Defendants on or before July 2, 2008.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   June 17, 2008            s/Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  June 17, 2008             s/ D. Opalewski for Lisa Bartlett
                                  Courtroom Deputy