**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK BRYANT
et al.,
       Plaintiffs,        CIVIL ACTION NOS. 07-10447; 07-13214

vs.
       DISTRICT JUDGE JOHN CORBETT O'MEARA

FERRELLGAS, INC., et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB
       Defendants.
_____

FRANKENMUTH MUTUAL
INS. CO., et al.,
       Plaintiffs,
vs.
FERRELLGAS, INC., et al.,
       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' EXPEDITED MOTION FOR
ADDITIONAL EXPERT TESTING
AND
DENYING PLAINTIFFS' MOTION TO STRIKE**

This matter comes before the Court on two discovery motions. Defendants filed their Expedited Motion for Additional Expert Testing and Request for Emergency Hearing on June 16, 2008. (No. 07-10447, docket no. 114; No. 07-13214, docket no. 79)[1]. Plaintiffs filed their Motion to Strike Ferrellgas' Reply Affidavit of David J. Kramer on June 26, 2008. (No. 07-10447, docket no. 125; No. 07-13214, docket no. 90). These motions have been fully briefed and referred to the

---

[1] Citations to the record will be to case number 07-10447, unless otherwise indicated.

undersigned for decision. (Docket no. 118, 126). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

1.      **Defendants' Motion for Additional Expert Testing**

Ferrellgas (Ferrellgas, Inc. and Ferrellgas L.P.) requests that the Court enter an Order allowing additional testing of residue found on a section of underground piping. (Docket no. 123 at 2). Testing has already been conducted on this residue. (*Id*.). However, Ferrellgas contends that "the next phase of testing" is necessary to determine what, if any, role the residue had on the underground piping. (*Id*.).

Plaintiffs Bryant and Moore oppose this additional testing. (Docket no. 119). They argue that this case has been pending since January 2007, the scheduling order has been amended on four prior occasions, Plaintiffs have already deposed their experts in accordance with the scheduling order entered in this case, hundreds of hours have been spent by the parties conducting multiple inspections and metallurgical testing at the site of the explosion and off-site, and Plaintiffs would be unduly prejudiced because its experts are preparing their Rule 26 expert reports (which were due June 30, 2008) and their experts would not have time to digest and consider the implications of any new testing. (Docket no. 119 at 5-6). According to Plaintiffs, delay in the case would be inevitable. Finally, Plaintiffs consider Ferrellgas' request to be tantamount to requesting that the scheduling order be modified when no good cause has been shown. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify court's scheduling order).

Ferrellgas responds by arguing that it is not seeking an extension of the discovery cutoff date or of the trial date, thus good cause is not required to grant their motion. (Docket no. 123 at 3-4). Granting this motion may not require modification of the discovery cutoff date (currently set for

October 15, 2008) or the trial date, however the Court is persuaded by Plaintiffs' argument that granting this motion will, in effect, modify the court's scheduling order entered on March 28, 2008 (docket no. 89) because that order anticipates that Plaintiffs will name their experts by June 15, 2008 and file their expert reports by June 30, 2008. Moreover, the scheduling order requires Defendants to name their experts by July 15, 2008 and file their expert reports by July 30, 2008. Therefore, the Court finds that pursuant to Fed. R. Civ. P. 16(b)(4), Ferrellgas must show good cause before this Court may grant the motion.

Ferrellgas fails to explain why this testing was not done at an earlier time. The testing would have required only two days to perform, according to Ferrellgas. (Docket no. 123 at 2). Ferrellgas does not dispute Plaintiffs' allegations that the underground piping was excavated and recovered in March 2006. (Docket no. 119 at 5-6). The initial testing of the residue by Ferrellgas took place in September 2006. (Docket no. 124 at 2). Ferrellgas has had ample time to complete this testing. No good cause is shown to modify the schedule for naming experts and filing expert reports. The Court is also convinced that allowing the requested additional testing at this late date will prejudice Plaintiffs and their experts. Accordingly, the motion by Ferrellgas to allow additional expert testing will be denied.

**2. Plaintiffs' Motion to Strike**

Plaintiffs move to strike an affidavit submitted by Ferrellgas expert David J. Kramer in support of Ferrellgas' Reply brief to its Motion for Additional Expert Testing. (Docket no. 125). Because the Court will deny Ferrellgas' motion for this additional testing, Plaintiffs' motion to strike the affidavit in support of Ferrellgas' motion is moot. Plaintiffs' motion will be denied on that basis.

**IT IS THEREFORE ORDERED** that Defendants' Expedited Motion for Additional Expert Testing (No. 07-10447, docket no. 114; No. 07-13214, docket no. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (No. 07-10447, docket no. 125; No. 07-13214, docket no. 90) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 9, 2008                     s/Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


I certify that a copy of the foregoing document was served upon counsel of record via electronic and/or ordinary mail.


                                        s/D. Opalewski for Lisa Bartlett
                                        Case Manager