# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK BRYANT et al.,

    Plaintiffs,

vs.

FERRELLGAS, INC., et al.,

    Defendants.

_____

FRANKENMUTH MUTUAL INS. CO., et al.,

    Plaintiffs,

vs.

FERRELLGAS, INC., et al.,

    Defendants.

_____/

CIVIL ACTION NOS. 07-10447; 07-13214

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE MONA K. MAJZOUB

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE NOTICE OF NON-PARTIES AT FAULT

This matter comes before the Court on Plaintiffs' Motion to Strike the Ferrellgas Defendants' Notice of Non-Parties at Fault and to Preclude Non-Party Fault Apportionment at Trial filed on July 10, 2008. (No. 07-10447, docket no. 133; No. 07-13214, docket no. 98)[1]. This motion has been fully briefed and referred to the undersigned for decision. (Docket no. 148). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

This action was filed in January 2007, and the claims arise out of the September 2005 explosion of a residence resulting in multiple loss of life in Shiawassee County, Michigan. On June 5, 2007 Ferrellgas filed its Notice of Potential Non-Party at Fault pursuant to Michigan state law.

---

[1] Citations to the record will be to case number 07-10447, unless otherwise indicated.

(Docket no. 18). Ferrellgas named as the potential non-parties at fault Lorrie Kuchar, Matthew Kuchar, Larry Moiles, and unknown persons responsible for installing two fittings in the underground liquid propane supply lines. (*Id*.). The Notice states that Ferrellgas will ask the trier of fact to assess fault for Plaintiffs' alleged damages to these persons. (*Id*.).

Plaintiffs argue that the Ferrellgas Notice should be stricken for a number of reasons. They contend that, assuming that Michigan law applies, the Notice is procedurally defective and not allowed under the Federal Rules of Civil Procedure. (Docket no. 133 at 9). Second, Plaintiffs contend that identifying unknown persons violates Michigan law and that these unknown persons should be stricken. (*Id*.). Finally, Plaintiffs argue that Ferrellgas has failed to meet the required factual showing that these non-parties did anything wrong to cause the explosion. (*Id*.).

Plaintiffs cite one case in which a Notice was stricken. In *Jefferson v. County of Wayne*, 2008 WL 880224 (E.D. Mich. Mar. 31, 2008), the Court struck a Notice. However, *Jefferson* was a federal question case rather than a diversity case as is the present action. In addition, the Notice in *Jefferson* was not filed until after the parties had filed their proposed joint pretrial order. The *Jefferson* court found that the Federal Rules of Civil Procedure had no provision for the filing of a Notice and that the Notice was grossly overdue. Ferrellgas shows that the Michigan notice of non-party fault provisions have been found to be substantive law and, thus, applicable in federal diversity actions. *Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004). Also, Ferrellgas filed its Notice much earlier than the party in *Jefferson*. Therefore, the factors that warranted striking the Notice in *Jefferson* are absent in the present action.

Plaintiffs also rely heavily on their version of the facts of the action to support their conclusion that only Ferrellgas is liable for the maintenance of the gas line and thus for the

explosion. However, this is a question for the trier of fact which is charged with ultimately determining whether any of the persons named as non-parties in the Notice are at fault, and if so, to what extent. Plaintiffs fail to establish that a Notice is properly stricken based on a lack of evidence in the Notice, or in response to a motion to strike, showing the liability of one of the named non-parties.

Finally, Ferrellgas shows that Michigan courts allow a party to name unknown persons in its Notice. *See Rinke v. Potrzebowski*, 657 N.W.2d 169, 171 (Mich. App. 2002).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike (No. 07-10447, docket no. 133; No. 07-13214, docket no. 98) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 12, 2008           s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 12, 2008           s/ Lisa C. Bartlett
                                               Courtroom Deputy