**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| MARK BRYANT et al., | |
|     Plaintiffs, | CIVIL ACTION NOS. 07-10447; 07-13214 |
| vs. | |
| | DISTRICT JUDGE JOHN CORBETT O'MEARA |
| FERRELLGAS, INC., et al., | MAGISTRATE JUDGE MONA K. MAJZOUB |
|     Defendants. | |
| _____ | |
| FRANKENMUTH MUTUAL INS. CO., et al., | |
|     Plaintiffs, | |
| vs. | |
| FERRELLGAS, INC., et al., | |
|     Defendants. | |
| _____/ | |

## OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTIONS FOR PROTECTIVE ORDER

This matter comes before the Court on two discovery motions. Plaintiffs Bryant and Moore filed their Motion for Protective Order to Preclude Ferrellgas' Untimely Testing of Soil Samples Obtained from Non-parties on July 9, 2008. (No. 07-10447, docket no. 131; No. 07-13214, docket no. 96). Plaintiffs also filed an Emergency Motion for a Protective Order to Preclude Ferrellgas' Untimely Attempt to Excavate, Inspect and Test Soil and Subsurface at 3660 East Copas Road, and Motion for Sanctions on July 24, 2008. (No. 07-10447, docket no. 140; No. 07-13214, docket no. 105)[1]. These motions have been fully briefed and referred to the undersigned for decision. (Docket

---

[1] Citations to the record will be to case number 07-10447, unless otherwise indicated.

-1-

nos. 148, 151). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

This action was filed in January 2007 and the claims arise out of the September 2005 explosion of a residence resulting in multiple losses of life in Shiawassee County, Michigan. On July 9, 2008 this Court denied Ferrellgas' request to allow additional expert testing of residue found on a section of underground propane piping. (Docket no. 130). This Court found that granting Ferrellgas' motion for additional testing would, in effect, modify the Court's scheduling order entered on March 28, 2008 (docket no. 89) because that Order requires Plaintiffs to name their experts by June 15, 2008 and file their expert reports by June 30, 2008. The Order also requires Defendants to name their experts by July 15, 2008 and file their expert reports by July 30, 2008. The final pretrial conference is set for December 17, 2008. Because Defendants failed to show good cause to modify the scheduling order, this Court denied their request for the additional testing. (Docket no. 130). The district judge has since adopted that Order. (Docket no. 150). Discovery is set to close in this action on October 15, 2008.

The earlier motion was filed by Ferrellgas to allow the testing to proceed. The present motions are motions for protective orders filed by Plaintiffs. The motions therefore differ in these regards. However, the Court's concern that a party's actions not frustrate the timely filing of expert reports and the scheduling of any depositions of experts that may follow, as required by the Court's scheduling order, applies to the instant motions, at least absent a showing of good cause.[2] Fed. R.

---

[2] Ferrellgas concedes that, with regard to its proposed new testing, it is "clear that the soil testing results will not be available to any of the parties before the initial expert disclosures are due." (Docket no. 138 at 8). Soil testing already completed purportedly shows the byproducts of ethyl mercaptan, the odorant added to propane, in the soil near the basement of the residence. (Docket no. 140 at 2 & ex. A). Ferrellgas has not disputed that it knew of these results in January 2006.

Civ. P. 16(b)(4) (requiring showing of good cause to modify court's scheduling order). Rule 26(c) allows the Court to enter a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

### 1. Testing Soil Samples Obtained From Non-parties

Plaintiffs' first motion arises from the attempts of Ferrellgas (Ferrellgas, Inc. and Ferrellgas L.P.) to obtain soil samples taken from the explosion location which are in the possession of two non-parties, Robertshaw Company and Allied Air Enterprises. Ferrellgas served subpoenas[3] on these non-parties in South Carolina and Virginia. (Docket no. 138 at 4). Ferrellgas states that after a hearing in federal district court in South Carolina the court ordered Allied (formerly known as Armstrong) to produce the soil samples under certain conditions. (*Id.*). In addition, Ferrellgas states that it and Robertshaw are close to an agreement that will have Robertshaw produce its soil samples to Ferrellgas without the need for a hearing in federal district court in Virginia. (*Id.*). Ferrellgas intends to have these samples tested as soon as possible "so that the parties can supplement any of their reports if necessary." (*Id.*).

Plaintiffs Bryant and Moore oppose this additional testing. (Docket no. 131). They argue that this additional testing will be untimely because Plaintiffs' expert reports have already been prepared and served in accordance with the Court's scheduling order. (*Id.*). Plaintiffs further argue that Ferrellgas was on the scene of the explosion within two weeks of the explosion and had the opportunity to collect its own soil samples as early as September 14, 2005 but chose not to do so, apparently for strategic reasons. (*Id.*). Finally, Plaintiffs argue that allowing this testing will require modifying the Court's scheduling order because the defense will not be able to timely serve proper

---

[3] The subpoena on Allied Air was served on or about May 28, 2008. (Docket no. 131 ex. A).

expert reports containing, as the discovery rules require, a complete statement of all opinions the witness will express and the basis and reasons for them, as well as all data or other information considered by the witness in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B).

Ferrellgas responds by arguing that it is not seeking an extension of any date in the Court's scheduling order. (Docket no. 138 at 4). According to Ferrellgas, it intends to have the soil samples tested, but the parties may supplement their expert reports if necessary. (*Id*.). Ferrellgas also argues that Plaintiffs have not shown good cause to support issuing a protective order. Ferrellgas contends that the requested discovery is not cumulative or duplicative, that obtaining these samples and testing them are the most convenient process available, there has not been ample time to obtain the soil samples at issue, and that the expense of discovery does not outweigh the benefit. (*Id*. at 9).

### 2. Excavating, Inspecting, and Testing Soil and Subsurface

Plaintiffs' second motion arises from the attempts by Ferrellgas to discover, using radar imaging, whether there are remains of the concrete and copper piping or other materials under the ground at the incident property. (Docket nos. 140, 146). There is no dispute that on April 11, 2008 Ferrellgas, without giving prior notice of this specific inspection to Plaintiffs, performed an inspection of the incident property by electromagnetic induction survey and ground penetrating radar. (Docket no. 146 at 4). The current owner of the property gave Ferrellgas permission for this inspection but was not present during the inspection. (*Id*.). Ferrellgas states that the purpose of the subsurface survey was to identify areas of underground piping and foundation walls that are to be excavated at a later date. (*Id*). The owners have denied Ferrellgas permission to excavate any material, however. Therefore, Ferrellgas served the current property owners with a subpoena requesting excavation. (*Id*. at 5).

Ferrellgas argues that Plaintiffs lack standing to oppose the subpoena it served on the land owners and that it was under no obligation to notify Plaintiffs of the inspection. (Docket no. 146 at 6-8). Plaintiffs argue in their motion that because the landowner noticed holes in the ground and tire tracks after the inspection that Ferrellgas likely took soil samples during this inspection. (Docket no. 140 at 3). Plaintiffs also argue that Ferrellgas should be precluded from untimely inspection, testing, and excavation, which is another attempt to amend the Court's scheduling order. (*Id*. at 10). Finally, Plaintiffs ask that Ferrellgas be sanctioned for the secret inspection of the incident scene and not be allowed to use any evidence obtained through this inspection.

**3. Analysis**

Both motions are for protective orders, and therefore they will be analyzed together. With respect to the soil samples possessed by Robertshaw and Armstrong, the Court will assume that Ferrellgas has successfully gained possession of the samples. The question is therefore whether Ferrellgas should be allowed to disclose and rely upon the results of any testing of these samples in this action. Ferrellgas has completed its survey of the incident property with respect to Plaintiffs' second motion. The Court has not been advised that any excavation has occurred at the incident property following this survey. There is no pending motion to quash the subpoena that Ferrellgas served on the landowners. Therefore, this Court will construe Plaintiff's second motion as one to prevent the disclosure of the results of any testing of any material which might be recovered by Ferrellgas by excavation from the incident property. A ruling on disclosure may moot the questions of whether excavation and testing should proceed.

Viewed in these terms, these two motions essentially address the same issue: Whether Ferrellgas should be prevented from disclosing, and therefore relying upon, the results of any further

testing on the material recovered from the incident site. The Court is aware that the discovery period is still open in this action. However, as in the Court's previous Order of July 9, 2008, this possible testing will be conducted by experts which brings the expert witness and report deadlines into the equation as factors to be considered. This Court is afforded broad discretion in regulating discovery including the determination of whether a movant has shown good cause to support the issuance of a protective order. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991); *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001).

The Court rejects the argument by Ferrellgas that the results of its proposed additional testing may be properly presented by supplementing expert reports rather than requiring an extension of the deadlines for filing such reports. Supplementation of expert reports under Rule 26(e) is required "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (finding that second expert test and opinion was not supplementation but an out-of-time disclosure); *see Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (upholding district court's finding of discovery abuse and noting that Rule 26(a) requires initial disclosures be complete and detailed; supplemental disclosures "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."). The additional testing proposed by Ferrellgas would be on new soil samples and new piping. The expert "supplementation" resulting from this testing would not be to correct or complete a disclosure previously made. Accordingly, the Court finds that timely disclosure of any results of this testing

would require an extension of the disclosure deadlines. Such an extension is proper only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4).

Plaintiffs have presented specific facts showing that Ferrellgas has had ample opportunities to obtain soil samples from the incident site and obtain any other material such as piping from the site for testing since September 2005. (Docket no. 140 ex. B (attorney Krause's Sept. 8, 2005 letter to Ed Zioncheck); docket no. 154 ex. A (notice to counsel for Ferrellgas informing of site inspection set for March 24, 2006 to excavate piping and obtain soil samples). Ferrellgas does not deny these opportunities or explain why it failed to earlier obtain soil samples or retrieve sections of piping when it had the opportunity to do so. The record casts doubt on whether Ferrellgas could have reasonably believed that the results of soil sampling made by other entities would be shared among all of the interested parties at the time that the parties were removing soil samples and other material from the incident site. (Docket no. 144 ex. B (letter of counsel for Robertshaw noting that it does not agree that any subsequent testing performed on soil samples will be shared with all parties)). There is no showing by Ferrellgas that it recently discovered the samples possessed by Robertshaw and Armstong.[4] Ferrellgas was also given notice in March 2006 that the incident property was being sold and that it would likely be the last opportunity for any interested party to inspect and remove items from the property. (Docket no. 154 ex. B (letter from Philip Swann to counsel for Ferrellgas and others)). The Court finds no good cause to modify the Court's scheduling order.

Because there is no good cause to extend the Court's scheduling order, and the disclosure of test results proposed by Ferrellgas would violate that order and unduly burden Plaintiffs at this stage of the action, Plaintiffs have shown that good cause exists for issuing a protective order. The

---

[4] Ferrellgas addresses the efforts it has taken only since early Fall 2007 to obtain soil samples taken from the accident site and to obtain testing. (Docket no. 138 at 2).

Court will not award sanctions based on the radar survey conducted by Ferrellgas. It does appear that the failure to give notice of this inspection to other parties departed from the parties' normal practice of conducting discovery. However, there is only speculation that soil testing or excavations were made, and that speculation is refuted by affidavits from those present during the survey. It also appears that Ferrellgas failed to give proper advance notice to Plaintiffs, as required by Fed. R. Civ. P. 45(b)((1), of the subpoena for excavation that it served on William Barton, the current owner of the incident site. The subpoena was issued on July 21, 2008 and not disclosed to Plaintiffs' counsel until July 24, 2008. (Docket no. 140 at 3, ex. A). However, this excavation apparently did not take place, and the Court's entry of a protective order will prevent any prejudice to Plaintiffs.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Protective Orders (No. 07-10447, docket nos. 131, 140; No. 07-13214, docket nos. 96, 105) are **GRANTED** to the extent that Ferrellgas may not supplement its expert reports or otherwise disclose in this action the results of any testing on any soil sample obtained from Robertshaw Company or Allied Air Enterprises, Inc. (formerly Armstrong Air Conditioning), and may not supplement its expert reports or otherwise disclose in this action the results of any testing on any soil sample, piping, or other material which may be excavated from the incident site after this date or that was excavated from the site before this date pursuant to the subpoena dated July 21, 2008 directed to Mr. William Barton, and otherwise are **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 12, 2008         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 12, 2008         s/ Lisa C. Bartlett
                                  Courtroom Deputy