**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARK BRYANT**
**et al.,**
       Plaintiffs,        **CIVIL ACTION NOS. 07-10447; 07-13214**

vs.

                                **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**FERRELLGAS, INC., et al.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
       Defendants.
_____

**FRANKENMUTH MUTUAL**
**INS. CO.,**
       Plaintiff,
   vs.
**FERRELLGAS, INC., et al.,**
       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND FOR FURTHER ADDITIONAL RELIEF

This matter comes before the Court on the Ferrellgas Defendants' Motion to Compel Discovery and for Further Additional Relief filed on October 3, 2008. (No. 07-10447, docket no. 161; No. 07-13214, docket no. 125)[1]. This motion has been fully briefed and referred to the undersigned for decision. (Docket no. 163). The Court heard oral argument on this motion on October 29, 2008. This motion is now ready for ruling.

The initial lawsuit in this matter was filed in January 2007, and the claims arise out of the September 2005 explosion of a residence resulting in multiple losses of life in Shiawassee County, Michigan. The Ferrellgas Defendants contend that Plaintiff Frankenmuth Mutual Insurance Co.,

---

[1] Citations to the record will be to case number 07-10447, unless otherwise indicated.

-1-

subrogee of the homeowner Lillian Kuchar, has failed to comply with the discovery order entered by this Court on June 17, 2008 (docket no. 116) and adopted by the district judge on August 12, 2008. That Order requires Frankenmuth to produce five documents to Defendants. These documents are: (1) an Activity Log Report consisting of 19 pages; (2) a one-page communication from a Frankenmuth claims examiner to the reinsurance company dated December 7, 2006; (3) a one-page communication from Frankenmuth Financial Group to GMAC RE CORPORATION dated October 17, 2005; (4) four pages of internal Frankenmuth Insurance Co. communication entitled "Activity Log Report;" and (5) two pages of Frankenmuth Insurance Co.'s electronic internal communication from Holdwick to Spaulding and Stuart dated September 6, 2005. (Docket no. 116).

Discovery closed in this action on October 15, 2008. (Docket no. 89). The discovery period was extended several times and therefore has been lengthy. Documents of record show that the parties began investigating the explosion days after it occurred in 2005. Trial is scheduled to begin on January 13, 2009. (*Id*.). Defendants' Motion to Compel is filed pursuant to Fed. R. Civ. P. 37(b)(2) which provides for sanctions for failing to obey a discovery order.[2] (Docket no. 161 at 6). Defendants complain generally that Plaintiff Frankenmuth has failed to timely produce requested discovery and that they have been prejudiced by Plaintiff's late production. (Docket no. 161). As to these general claims of prejudice not connected to this Court's earlier discovery order, the Court does not find any significant prejudice to Defendants requiring any relief. The Court addresses the specific arguments of Defendants below.

    **1.    Document no. 5 (email from Holdwick to Spalding and Stuart)**

---

[2] On the second page of their Motion Defendants refer to Fed. R. Civ. P. 45(c)(2)(B) and rely upon that provision in their request for the Court to "order compliance with its August 12, 2008 Order compelling discovery from Frankenmuth." However, that provision does not pertain to ordering compliance with a court order. Rather, it pertains to compliance with subpoenas.

Document no. 5 of the documents that this Court ordered to be produced was a September 6, 2005 email from Holdwick to Spalding and Stuart. Defendants' Motion includes this document as a part of exhibit B-12, establishing that Frankenmuth produced this document to Defendants although Defendants' counsel would not concede this point during argument.[3] Defendants argue that this email is an important piece of new evidence that warrants relief such as re-deposing witnesses. However, the Court finds that such relief is not warranted.

The substance of this email is a report of Chuck McMartin stating that Sgt. Kathy Taylor, the Michigan State Police investigator of the explosion, told him that the homeowner, Lillian Kuchar, stated to Sgt. Taylor that she smelled gas following the installation of a hot water heater by a local plumber before the explosion. The parties deposed Ms. Kuchar on October 5, 2007 and questioned her specifically about her possibly telling Sgt. Taylor and another person, Mr. Johnson, that she smelled gas after the hot water heater installation. Ms. Kuchar explained that Sgt. Taylor and Mr. Johnson were confused about the timing of when Ms. Kuchar smelled gas and that she never smelled gas after installation of the water heater. (Docket no. 167 ex. L). Therefore, Ms. Kuchar was questioned about the substance of this email even though Defendants did not have access to the email at the time of Ms. Kuchar's deposition. In addition, Defendants do not dispute Plaintiffs' showing that Ferrellgas' own expert, Mike Weyler, noted in his on-scene notes dated September 14, 2005 that Kevin Pike (hired by Frankenmuth) reported that Ms. Kuchar smelled gas after installation of the water heater. (Docket no. 167 ex. AA). This email does not warrant reopening discovery or any other relief.

---

[3] During argument Defendants' counsel was arguing from "exhibit A" of their Motion (docket no. 161). Exhibit A is the McMartin email of September 6, 2005. Exhibit B-12 is an email from Holdwick to Spalding and Stuart which simply forwards the McMartin email of September 6. Therefore, for purposes of this analysis these exhibits are the same.

### 2. Complete Tape of Kuchar Interview

Defendants contend that Frankenmuth has failed to produce a "complete" tape of Ms. Kuchar's statement to Frankenmuth's adjuster. Defendants fail to show where in this Court's Order the tape was ordered to be produced.[4] Moreover, Defendants deposed Frankenmuth's adjuster, Robert Spalding, and he testified that the transcript of the interview may end a bit early because the transcriber could not hear what was on the tape, but that the only portion that may be missing would be his wrap-up questions. Mr. Spalding stated that he was sure that Ms. Kuchar had not added anything in response to these questions. (Docket no. 161 ex. J). The tape recording of the interview was produced to Defendants on January 15, 2008. (Docket no. 166 ex. 3). This tape apparently ends at the same time as the transcript. Even so, there is no showing that this abrupt ending prejudices Defendants. There is also no showing that a more "complete" tape exists.

### 3. "Mary Carter" Secret Agreement

Defendants argue that they suspect that the Bryant/Moore Plaintiffs decided not to pursue Ms. Kuchar as a defendant and to not accept the tendered policy limits of Frankenmuth in exchange for cooperation from Frankenmuth and Ms. Kuchar in lawsuits against Defendants. Defendants seek production of this alleged agreement. Frankenmuth denies that any such agreement exists. It states that it and Plaintiffs have agreed to share expenses of experts because the cases are consolidated and that liability proofs are the same for both parties. Defendants have failed to show that any improper agreement exists or that they should be allowed to serve discovery on this issue at this late date.

### 4. Alleged redacted email of Chuck McMartin dated September 6, 2005 to Patrick Holdwick

---

[4] Apparently, Defendants are relying upon their June 5, 2007 subpoena to Frankenmuth requesting Frankenmuth's "entire file." (Docket no. 161 ex. B-1).

Defendants argue that a redacted email was produced by Frankenmuth. Chuck McMartin wrote this email. He was deposed about this email on September 30, 2008 and stated that nothing was redacted. McMartin's explanation was that he must have been interrupted when writing the email and simply did not finish it. (Docket no. 166 ex. 4). Defendants have not shown any improper redaction of this email.

### 5. Additional Records from November 11, 2006 to Present

Defendants contend that Frankenmuth is withholding additional records. Defendants' basis for seeking an order to compel this production is apparently their June 5, 2007 subpoena to Frankenmuth referred to above. The records at issue are eight pages of Frankenmuth's "Activity Log Report" beginning on November 13, 2006 and ending on September 24, 2008. Frankenmuth's counsel during oral argument stated that Frankenmuth had not produced these records based on a claim of attorney-client privilege. The parties agreed to submit these eight pages to the Court for an *in camera* review.

The Court is at a disadvantage in deciding this issue because Frankenmuth has not produced a privilege log as required by Fed. R. Civ. P. 26(b)(5) and because there has been no briefing on the application of the privilege to these records. Under Michigan law, the attorney-client privilege attaches to confidential communications made by the client to his attorney for the purpose of obtaining legal advice. *Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514, 516 (W.D. Mich. 2002). In addition, an attorney's opinions, conclusions, and recommendations based upon facts furnished by the client are protected. (*Id.*). Finally, where the client is an organization, the privilege extends to communications between attorneys and all agents or employees of the organization who are

authorized to speak or to act for the organization in relation to the subject matter of the communication. (*Id.*).

The records at issue document communications between Frankenmuth's agents and employees and counsel regarding this action, including counsel's opinions, conclusions, and recommendations on the case. There is no allegation or showing of waiver of the privilege on the record. Therefore, the Court finds that these records are protected by the privilege and need not be produced by Frankenmuth.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery and for Further Additional Relief (No. 07-10447, docket no. 161; No. 07-13214, docket no. 125) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 31, 2008          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 31, 2008         s/ Lisa C. Bartlett
                                           Courtroom Deputy